Filed 1/13/23 P. v. Reed CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093055 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F05764) |
| v. | OPINION ON TRANSFER |
| BERNARD KRUNGGERUND REED, | |
| Defendant and Appellant. | |

A jury found petitioner Bernard Krunggerund Reed guilty of first degree murder occurring during a robbery in 2010. The jury also found true robbery-murder special circumstances for the murder. Petitioner petitioned the trial court for resentencing under Penal Code[1] section 1172.6[2] based on changes made to the felony-murder rule by Senate

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the

Bill No. 1437 (2017-2018 Reg. Sess.). The trial court denied the petition, finding evidence from petitioner's trial established petitioner was ineligible for resentencing. On appeal, petitioner argued the trial court erred in conducting a factual analysis of the special-circumstance finding to disqualify him for relief. We disagreed and affirmed the trial court's order. (*People v. Reed* (Dec. 15, 2021, C093055) [nonpub. opn.].)

Our Supreme Court granted review but deferred further action pending the disposition in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Following its decision, our Supreme Court transferred this matter back to us with directions to vacate our decision and reconsider in light of *Strong*.

We now conclude the trial court's denial of the petition is inconsistent with section 1172.6 and *Strong*. Accordingly, we reverse and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

We take the basic facts of petitioner's case from our opinion in his original appeal. (*People v. Reed* (Mar. 18, 2015, C071276) [nonpub. opn.] (*Reed*).)[3] On September 2, 2010, petitioner and Kelvin Arnell Peterson robbed a pharmacy that Peterson had robbed by himself three weeks prior. Peterson handed a note to a pharmacy technician reading, "We want all 800 Oxycontin. We will kill you." As the technician went to the back, the owner of the store activated the silent alarm while petitioner took cash from one of the registers. When the owner handed Peterson the store's supply of Oxycontin, Peterson pointed a gun at the owner's head and said, "I want more." The owner's son, who also worked at the pharmacy, feared for his father's life and pulled out a gun but it failed to

statute. Although petitioner filed his petition under former section 1170.95, we cite to section 1172.6 throughout this opinion.

[3] On our own motion, we take judicial notice of this prior decision. (Evid. Code, § 452, subd. (d).) We provide this summary of facts from the prior opinion in defendant's direct appeal solely for context and do not rely on these facts for our analysis or disposition here. (See § 1172.6, subd. (d)(3).)

fire. After retreating to the back of the store, the son was able to fire at Peterson and a gunfight ensued. Tania Gurskiy, a pharmacy clerk, was shot in the head and died as a result, and another employee was shot in the foot. Petitioner was arrested a week later at a Reno motel. (*Ibid.*)

The jury found petitioner guilty of first degree murder and robbery, found true the special circumstance Gurskiy's murder occurred during the commission of a robbery, and found true the allegation he was vicariously armed with a firearm during the commission of the robbery/murder. The trial court also found true the allegation petitioner had one prior serious felony conviction within the meaning of sections 667, subdivisions (b) through (i), and 1170.12. (*Reed, supra*, C071276.)

Petitioner appealed, arguing, among other issues, that there was insufficient evidence to support the robbery-murder special-circumstance finding as to him, specifically that he acted with reckless indifference to human life. After reviewing the evidence, we concluded, "Substantial evidence supports the jury's finding [petitioner] acted with reckless indifference to human life." (*Reed, supra*, C071276.) We dismissed petitioner's other claims and affirmed the judgment. (*Ibid.*)

On April 3, 2019, petitioner filed a petition for resentencing under section 1172.6 alleging he could not now be convicted of murder because of the changes made to sections 188 and 189. The petition alleged he was not the actual killer, did not aid or abet the murder with the intent to kill, and was not a major participant in the felony or acted with reckless indifference to human life. The prosecution filed a response and a motion to dismiss and petitioner's counsel filed an opposition.

On October 22, 2020, the trial court issued a written order denying the petition. The court found petitioner had not made a prima facie showing because the "facts and reasonable inferences" drawn from the trial evidence show petitioner was "a major participant in the underlying felony and acted with reckless indifference to human life." The trial court then detailed the relevant facts elicited from petitioner's trial that

3

demonstrated his ineligibility for resentencing under section 1172.6. The opinion also noted our finding in petitioner's direct appeal that substantial evidence supported the jury's determination that petitioner acted with reckless indifference to human life.

DISCUSSION

I

*Applicable Law*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony-murder liability in section 189, and added section 1172.6, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

Section 1172.6, subdivision (a) states a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court for resentencing "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

4

[¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

Section 1172.6, subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a)) and states the superior court case number, the year of conviction, and whether the petitioner requests appointment of counsel. (§ 1172.6, subd. (b).) Section 1172.6, subdivision (c), which dictates how the court must handle the petition, reads: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

Section 1172.6, subdivision (d)(1) provides that a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner as needed should be held within 60 days after the order to show cause. The prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1172.6, subd. (d)(3).) At the hearing, "[t]he admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay,

5

unless the evidence is admissible pursuant to another exception to the hearsay rule." (*Ibid.*)

II

*Special Circumstances After* Banks *and* Clark

Section 190.2, subdivision (d) provides that special-circumstance findings based on the enumerated felonies in paragraph (17) of subdivision (a)—which includes robbery—require that an aiding and abetting defendant must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); see *People v. Banks* (2015) 61 Cal.4th 788.) Thus, on its face, a special-circumstance finding satisfies the requirements for accomplice murder liability even after Senate Bill No. 1437. (See § 189, subd. (e) [providing where "[a] participant in the perpetration" of a robbery "in which a death occurs is liable for murder" if proven to have been "a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2"].) Since petitioner's conviction, however, our Supreme Court has refined the analysis for determining who qualifies as a major participant acting with reckless indifference to human life in *Banks* and *People v. Clark* (2016) 63 Cal.4th 522.

In *People v. Banks*, *supra*, 61 Cal.4th at page 803, our Supreme Court identified a series of considerations, none of which are "necessary, nor is any one of them necessarily sufficient," for determining whether a defendant was a major participant. These include the defendant's role in planning the crime and in "supplying or using lethal weapons"; the defendant's awareness of "particular dangers posed by the nature of the crime"; whether the defendant was "present at the scene of the killing, in a position to facilitate or prevent the actual murder"; whether the defendant's own "actions or inaction play[ed] a particular role in the death," and what the defendant did "after lethal force was used." (*Ibid.*)

Similarly, in *People v. Clark*, *supra*, 63 Cal.4th at page 617, our Supreme Court found reckless indifference to "encompass[] a willingness to kill (or to assist in another

6

killing) to achieve a distinct aim." It provided a nonexhaustive list of factors to consider in making this determination, including use or awareness of the presence of a weapon or weapons, physical presence at the scene and opportunity to restrain confederates or aid victims, duration of the crime, knowledge of any threat the confederates might represent, and efforts taken to minimize risks. (*Id*. at pp. 618-623.)

In *Strong*, *supra*, 13 Cal.5th 698, our Supreme Court addressed the impact of *Banks* and *Clark* on section 1172.6 petitions for defendants with special-circumstance findings. The Court found "*Banks* and *Clark* both substantially clarified the law governing findings under Penal Code section 190.2, subdivision (d)" as they "represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue." (*Strong*, at pp. 706, 717.) Thus, prior special-circumstance findings made "before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill [No.] 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Id*. at p. 710.) A defendant with a special-circumstance finding who files a section 1172.6 petition may ultimately be found to be ineligible for relief, but it must be determined beyond a reasonable doubt the defendant was a major participant who acted with reckless indifference to human life under the *Banks*/*Clark* analyses. (*Strong*, at p. 720.) Though a special-circumstance finding may be challenged through a habeas corpus petition, "nothing in section 1172.6 says that a defendant must always do so before seeking resentencing." (*Id*. at p. 713, italics omitted.)

### III

### *Petitioner Is Not Barred From Relief As A Matter Of Law*

Petitioner argues that the special-circumstance finding did not establish by law that he was ineligible for relief under section 1172.6. Petitioner concedes the "jury necessarily determined that [petitioner] acted with reckless indifference to human life, and was a major participant in the robbery." But he argues these findings are not fatal to

7

his appeal because our Supreme Court clarified the special circumstance analysis after his conviction in *Banks* and *Clark*. The People concede in supplemental briefing that the order denying petitioner's petition must be reversed and the matter remanded to the superior court for further proceedings.

We originally concluded petitioner failed to make a prima facie showing and failed to demonstrate error in the trial court's reliance on the jury's special-circumstance findings. We also found that the trial court's analysis based on the "facts and reasonable inferences" from petitioner's trial was improper but not prejudicial given the validity of the special-circumstance finding. In light of *Strong*, these conclusions are no longer valid.

Although the requirements for the felony-murder special circumstance did not change as a part of Senate Bill No. 1437, and are identical to the new requirements for felony murder following the enactment of Senate Bill No. 1437, petitioner is not barred from making a prima facie case for relief based on the pre-*Banks*/*Clark* special-circumstance finding and was not required to first challenge the finding via habeas corpus proceedings. (*Strong*, *supra*, 13 Cal.5th at pp. 710, 713.) The trial court's statements to the contrary are inconsistent with section 1172.6 as clarified by *Strong*. And the factual analysis it performed did not properly consider the analysis under *Banks* and *Clark*, nor did it adhere to the evidentiary hearing procedural requirements of section 1172.6, subdivision (d). These deficiencies cannot be overcome by the special-circumstance finding, as we originally found. It was thus error to deny the petition without issuing an order to show cause.[4]

---

[4] The trial court relied, in part, on our conclusion in petitioner's direct appeal that there was substantial evidence supporting the jury's special-circumstance finding. As that opinion was filed before *Banks*, *Clark*, and *Strong*, its findings are no longer binding on this point. (*Morohoshi v. Pacific Home* (2004) 34 Cal.4th 482, 491-492 [law of the case doctrine is not applied "where the controlling rules of law have been altered or

Having made a prima facie case for relief, petitioner now is entitled to an evidentiary hearing under section 1172.6, subdivision (d)(3). We shall, therefore, remand this matter to the trial court with instructions to issue an order to show cause and hold an evidentiary hearing on the petition.

## DISPOSITION

The order denying the petition is reversed. The case is remanded to the trial court for issuance of an order to show cause and to hold an evidentiary hearing on the petition.

/s/\
Robie, Acting P. J.

We concur:

/s/\
Hull, J.

/s/\
Duarte, J.

clarified by a decision intervening between the first and second appellate determinations"].)

9